**PULASKI COUNTY SPECIAL SCHOOL DISTRICT, Petitioner,**

v.

**Bob BERGLAND, Secretary, United States Department of Agriculture, Respondent.**

**No. LR–C–80–399.**

United States District Court, E. D. Arkansas, W. D.

Aug. 22, 1980.

Henry J. Osterloh, Little Rock, Ark., for petitioner.

Richard M. Pence, Jr., Asst. U. S. Atty., Little Rock, Ark., for respondent.

## MEMORANDUM OPINION

ROY, District Judge.

Pending before the Court is the plaintiff Pulaski County School District's petition for a temporary injunction against the defendant Secretary of Agriculture, whereby the latter would be enjoined from enforcing a regulation[1] promulgated by the Department of Agriculture restricting the sale of certain foods which have been determined to have minimal nutritional value. The regulation in question provides in pertinent part the following:

"§ 210.2–*Definitions.*

"[c–3] 'Competitive foods' means any foods *sold in competition with the National School Lunch Program.* This includes any food that is sold as *a separate item* even if it is also a component of the school lunch. [Emphasis added.]

"[c–4] 'Competitive foods approved by the Secretary' means all foods *sold in competition with* the National School Lunch Program to children on school premises from the beginning of the school day until after the last lunch period with the exception of categories of foods of minimal nutritional value as listed in Appendix B of this part." [Emphasis added.]

\*      \*      \*      \*      \*      \*

"§ 210.15b–*Competitive Food Services.*

"(a) State agencies and School Food Authorities shall establish such rules or regulations as are necessary to control the sale of foods in competition with a school's nonprofit food service under the program. Provided, that such regulations shall not authorize the sale of foods of minimal nutritional value as listed in Appendix B of this part on the school premises from the beginning of the school day to the end of the last lunch period."

Appendix B provides in pertinent part as follows:

"Appendix B–Categories of Foods of Minimal Nutritional Value–

"[1] Soda Water   \*   \*   \*

"[2] Water Ices   \*   \*   \*

"[3] Chewing Gum   \*   \*   \*

"[4] Certain Candies   \*   \*   \* "

At issue in the present case is the Pulaski County School District's lunch program whereby students are allowed a selection, in which Coca-Cola is one of the choices, as to what beverage they prefer to have with their meal.[2] As noted in Plaintiff's Exhibit "A",

"[Mr. Harvey, the Director of Food Services for the Pulaski County School District, advises that] the program will not include any type of a–la–carte service and no competitive selling of the soda during regular school hours. He advises that he will serve only type A lunches. The reduced meals, free meals and regular paying students will be offered milk first, soda second. The meals planned for the fast food area as well as the hot food area will be composed of the basic food requirements in such a manner that if a student picks soda over milk he or she will still have a qualified type A meal. The whole intent is to increase participation which is at a very low ebb, increase variety and most of all put out a good balanced meal. Mr. Harvey advised the Pulaski County Special School District food service program will strive to give only the best to the students programmed to the rules, regulations and suggestions of the State and Federal food service professionals."

All of the evidence introduced at the hearing showed that Coca-Cola is not being sold or served in competition with meals served under the National School Lunch Program, but rather is a part of the meal chosen by the student.

The plain language of the above-quoted regulation clearly and specifically prohibits the sale of the items listed in Appendix B only when they are sold in *competition with*

1. 45 Fed.Reg. 6770–72 (Jan. 29, 1980) (7 CFR §§ 210.2, 210.15b).

2. The selection includes milk (3 kinds), tea (2 kinds), Hi–C, Welchaid, and Coca-Cola.

**822**

foods sold under the National School Lunch Program. The defendant apparently recognizes this state of affairs since he refers to it numerous times in his brief and reaffirmed the proposition in his attorney's argument before the Court at the hearing.

Since the evidence plainly shows that the plaintiff is not furnishing Coca-Cola in competition with a National School Lunch Program,[3] it is the Court's finding that the plaintiff is not presently in violation of the above-referenced regulations of the Department of Agriculture. The prohibitions set forth in the regulations simply do not apply to the facts of the situation at hand, and consequently the issuance of an injunction would be inappropriate at this time. Also inapplicable to the instant case is the D.C. District Court's opinion rendered on June 21, 1980, in *Community Nutrition Institute, et al. v. Bergland, et al.,* 493 F.Supp. 488; and *National Soft Drink Association v. Bergland, et al.,* 493 F.Supp. 488. There, the Honorable Gerhard Gesell, District Judge, held that the regulation involved herein was a valid promulgation and was not arbitrary or capricious. This Court has no quarrel with Judge Gesell's opinion, which is very thorough and well-reasoned. The issue before this Court, however, is not the *validity* of the regulation in question, but rather its *applicability* to the case at hand. As noted above, it is the finding of the Court that the prohibitions contained in regulation do not apply to the lunch program which has been instituted by the plaintiff.

---

**3.** The evidence showed that the students' participation in the plaintiff's school lunch program has drastically increased as a result of the newly instituted changes–which include the offering of Coca-Cola as one of the beverage choices.